IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Mougamadou Bougary Saiboudine, | NO. C 09-02663 JW |
| Petitioner, | **ORDER TO SHOW CAUSE RE: WRIT OF HABEAS CORPUS PETITION** |
| v. | |
| Eric Holder, et al., | |
| Respondents. | |

## **I. INTRODUCTION**

Petitioner, represented by counsel, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention at the Santa Clara County Detention Facility. The Court orders Respondents to show cause why the petition should not be granted.

## **II. BACKGROUND**

According to the petition, Petitioner he is a citizen of France in the custody of Respondents. Due to certain events surrounding a dispute that is that subject of a civil law suit, Petitioner claims that he has been held in custody without being charged with an immigration or criminal violation in San Jose, California since May 2, 2009.

## **III. DISCUSSION**

**A.  Standard of Review**

A district court may entertain a petition for writ of habeas corpus on behalf of any person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appear from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.     Petitioner's Claim**

Petitioner alleges that he is a native of India and citizen of France who entered the United States February 2, 2008. According to Petitioner, he was a witness in a civil suit concerning alleged harassment at the Vaigai Restaurant, his former employer. Petitioner contends that, while the law suit was pending, Vijayanandh Krishnan, president of the Vaigai Restaurant, informed Petitioner that he could no longer work at the restaurant and purchased Petitioner a plane ticket to France. On April 30, 2009, Petitioner arrived at the Vaigai Restaurant to receive his final paycheck. On May 2, 2009, while changing planes in Canada, *en route* to France, Petitioner was held by immigration and returned to the United States. Petitioner has since then remained in custody. Liberally construed, Petitioner's claim appears cognizable under § 2241 and merits an answer from Respondents.

In light of Petitioner's claim, the Court orders Respondents to show cause why the Petitioner's petition for a writ of habeas corpus should not be granted.

### IV. CONCLUSION

The Court ORDERS as follows:

1.  The Clerk shall serve by mail a copy of this Order and the petition and all attachments upon Respondents and Respondents' attorneys, the Attorney General of the United States and the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on the Petitioner.

2.  Respondents shall file with the Court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases,[1] showing cause why a writ of habeas corpus should not be granted. Respondents shall file with the answer and serve on Petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

---

[1] Rule 1(b) provides that "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."

2

3. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondents within **thirty (30) days** of his receipt of the answer.

4. Respondents may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondents file such a motion, Petitioner shall file with the Court and serve on Respondents an opposition or statement of non-opposition within **thirty (30) days** of receipt of the motion, and Respondents shall file with the Court and serve on Petitioner a reply within **fifteen (15) days** of receipt of any opposition.

5. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondents by mailing a true copy of the document to Respondents' counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's Orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Dated: August 3, 2009

JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Love Melville Macione lmacione@yahoo.com
Saad Ahmad SaadAhmad27@hotmail.com

**Dated: August 3, 2009**                                    **Richard W. Wieking, Clerk**

                                                             **By:    /s/ JW Chambers
                                                                      Elizabeth Garcia
                                                                      Courtroom Deputy**

**United States District Court**
For the Northern District of California